UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV296 RWS |
| ) | |
| MERCK, SHARP & DOHME, CORP., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff recently filed her complaint in this district asserting a products liability claim against Defendant.  The complaint asserts that Plaintiff is a resident of West Virginia and that Defendant is a corporation organized in and with its principal place of residence in New Jersey.  The complaint states that diversity jurisdiction is the basis for filing the case in this Court.

Under 28 U.S.C. § 1391(a), when jurisdiction is founded only on diversity of citizenship, as in the present case, the action may be brought **only** in 1)  a judicial district where any defendant resides, if all of the defendants reside in the same State; 2)  a judicial district where a substantial part of the events giving rise to the claim occurred; or 3)  a judicial district in which the defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought.

Plaintiff asserts in her complaint that venue is proper in this District under §1391(b)(1) because Defendant resides in this District.  This assertion is not correct.  Defendant is a resident of New Jersey.  Plaintiff also asserts that jurisdiction is proper here under §1391(d) which permits an alien to be served in any district.  This provision is inapplicable because Defendant is not an alien.

As a result, Plaintiff shall show cause why this case should not be dismissed under 28 U.S.C. § 1406 for filing this case in an improper venue.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff shall show case no later than **February 29, 2012** why this case should not be dismissed based on improper venue.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2012.